IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| PAMELA DAWN THORNE; et al., <br><br>        Plaintiffs, <br><br> vs. <br><br> WYETH PHARMACEUTICALS, INC.; PFIZER, INC.; PHARMACIA & UPJOHN COMPANY, LLC, f/k/a PHARMACIA & UPJOHN COMPANY; PHARMACIA CORPORATION; GREENSTONE, LTD.; BARR PHARMACEUTICALS, INC.; BARR LABORATORIES; DURAMED PHARMACEUTICALS, INC.; NOVARTIS PHARMACEUTICALS CORPORATION; BRISTOL-MYERS SQUIBB COMPANY; SOLVAY PHARMACEUTICALS, INC., f/k/a REID-ROWELL, INC.; SOLVAY AMERICA, INC; WARNER CHILCOTT; BERLEX LABORATORIES, INC.; WATSON PHARMACEUTICALS, INC.; ORTHO-MCNEIL PHARMACEUTICAL, INC.; DANNEMILLER MEMORIAL EDUCATIONAL FOUNDATION; KETCHUM, INC.; SAATCHI & SAATCHI HEALTHCARE COMMUNICATIONS, INC.; KLEMTNER ADVERTISING, INC.; DESIGNWRITE, INC.; and DESIGNWRITE, LLC, <br><br>        Defendants. | Civil Action No. 06-3123 PAM/JJG |

**<u>ORDER</u>**

This matter having come before the Court on the Joint Motion for Dismissal of Defendant, Berlex, Inc. (improperly sued as Berlex Laboratories, Inc.) ("Berlex"), as to each Plaintiff pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, each Plaintiff having agreed to dismiss Defendant Berlex without prejudice, IT IS HEREBY ORDERED AND ADJUDGED THAT:

The Joint Motion is GRANTED pursuant to the following terms and conditions contained in the Joint Motion:

1. This dismissal is without prejudice as to each Plaintiff for the time period from the date of the entry of the order on this motion ("the Order") up to and including June 24, 2007.

2. Between the date of this Order and June 24, 2007, any Plaintiff may move to amend his or her complaint in this action to reassert claims against Berlex, accompanied by (a) a signed consent to the amendment by Berlex; or (b) a demonstration of evidentiary support and legal basis to assert a claim against Berlex. The parties jointly agree that if any Plaintiff produces documentary proof that she ingested hormone therapy products manufactured, sold or distributed by Berlex, then Berlex agrees to consent to having all claims reinstated against it that were either brought against it in the original Complaint or subsequently added in any Amended Complaint. Such consent, however, does not waive any defenses Berlex may have to any claims brought against it in the original Complaint or in any Amended Complaint.

3. If the Court grants a Plaintiff's motion to amend to reinstate claims against Berlex, then (a) all defenses to which Berlex was entitled as of the effective date of such Plaintiff's original Complaint against Berlex are preserved, and (b) Berlex may not assert any statute of limitations defense based solely on the passage of time between the effective date of such Plaintiff's original Complaint against Berlex and such Plaintiff's reassertion of a claim against Berlex in an amended complaint.

4. As to any Plaintiff who does not bring a motion to amend against Berlex as provided in paragraph 2 above, or as to any Plaintiff whose motion to amend is denied, this dismissal will automatically become a dismissal with prejudice, effective June 25, 2007, without further

court order. The parties request that the Court also expressly determine that there is no just reason for delay in the entry of final judgment of dismissal with prejudice and that the Court direct the clerk to enter judgment of dismissal with prejudice as to any and all such Plaintiffs, effective June 25, 2007, without further order of the Court.

Accordingly, Plaintiffs' claims against Berlex are DISMISSED, pursuant to the terms set forth above.

Date: November  1 , 2006

s/Paul A. Magnuson  
Paul A. Magnuson, Judge  
United States District Court

1423707-1

3

SFNJ1 1141871v1