UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Pamela Dawn Thorne, et al.,                    Civil No. 06-3123 (PAM/JJG)

          Plaintiffs,

v.                                       **MEMORANDUM AND ORDER**

Wyeth, et al.,

          Defendants.

---

This matter is before the Court on objections to a February 27, 2007 order by the Magistrate Judge, which denied a motion for leave to amend a notice of removal filed by Defendants Pfizer, Inc.; Pharmacia & Upjohn Company LLC; Pharmacia Corporation; and Greenstone Ltd. ("the Pfizer Defendants"). For the reasons set forth below, the Court permits the Pfizer Defendants to amend their notice of removal.

**BACKGROUND**

Plaintiffs in this case are hundreds of women who reside in Ohio and claim to have suffered adverse side effects from hormone replacement therapy. Defendants are businesses involved in the sale, marketing, and manufacturing of hormone replacement medication. Plaintiffs originally brought suit in Minnesota state court, and Defendants removed to federal court under the Class Action Fairness Act (CAFA). Under CAFA, diversity jurisdiction exists if one plaintiff and one defendant are diverse in citizenship. 28 U.S.C. § 1332(d)(2). When jurisdiction is based on CAFA, a case cannot be submitted to multidistrict litigation without the consent of a majority of plaintiffs. Id. § 1332(d)(11)(C)(i).

A few months after the removal, this Court permitted Plaintiffs to dismiss without prejudice three Defendants: Barr Laboratories, Inc.; Barr Pharmaceuticals, Inc.; and Duramed Pharmaceuticals, Inc. ("the Barr Defendants"). The dismissal of the Barr Defendants caused complete diversity to exist between all Plaintiffs and Defendants. The Pfizer Defendants subsequently brought a motion to amend their notice of removal to assert diversity jurisdiction under 28 U.S.C. § 1332(a). This would have permitted the Pfizer Defendants to transfer the case to multidistrict litigation without Plaintiffs' consent.

The Magistrate Judge denied the motion, noting an absence of any case law supporting the Pfizer Defendants' position. The Magistrate Judge also intimated that the jurisdictional grounds asserted in the notice of removal did not bind the Pfizer Defendants because jurisdiction is determined by the face of the Complaint.

After their motion was denied, the Pfizer Defendants sought to transfer the case to multidistrict litigation and asked the Court to defer ruling on their objections to the Magistrate Judge's order until the Judicial Panel on Multidistrict Litigation (JPML) issued a decision on transfer. The JPML conditionally transferred the case on April 11, 2007. However, on May 3, 2007, the JPML vacated the transfer at Plaintiffs' request because a majority of Plaintiffs had not consented, as required by CAFA. The JPML noted in a footnote that it would not consider whether the case could be transferred based on diversity jurisdiction under § 1332(a) because the Pfizer Defendants had not amended their notice of removal to assert an alternative basis for jurisdiction.

**DISCUSSION**

The Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a). A decision is clearly erroneous when, after reviewing the entire record, a court "is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)).

Plaintiffs' sole argument in response to the Pfizer Defendants' objections is that the Court should strike the objections because they were filed three days late. The Court will excuse this minor procedural infraction and consider the merits of the objections. The footnote in the May 3, 2007 order of the JPML indicates that the denial of the motion to amend the notice of removal was clearly erroneous. However, when the order was issued, the Magistrate Judge did not have the benefit of the JPML's cue. Thus, the Court reverses the order of the Magistrate Judge solely because of a subsequent procedural development in the case.

**CONCLUSION**

The Pfizer Defendants may amend their notice of removal to assert an alternative basis for federal diversity jurisdiction. Accordingly, **IT IS HEREBY ORDERED** that:

1.  The Order of February 27, 2007 (Docket No. 37) is **REVERSED**;

2.  The Pfizer Defendants' Objections (Docket No. 38) are **SUSTAINED**; and

3.  The Pfizer Defendants may amend their notice of removal.

Dated: May 15, 2007

                                              s/ Paul A. Magnuson
                                              Paul A. Magnuson
                                              United States District Court Judge