UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 06-3123(DSD/JJG)

Pamela Dawn Thorne, et al.,

      Plaintiffs,

v.                                                **ORDER**

Wyeth, et al.,

      Defendants.

This matter is before the court upon plaintiffs' motion to vacate the memorandum and order that Judge Paul A. Magnuson issued on May 15, 2007. Based upon a review of the file, record and proceedings herein, and for the reasons stated, the court denies plaintiffs' motion.

**BACKGROUND**

Before the court is an ongoing dispute over whether this action is subject to transfer to a hormone replacement therapy multidistrict litigation in the Eastern District of Arkansas ("MDL No. 1507"). On July 6, 2006, 396 Ohio women commenced this products liability action against numerous defendants based on adverse side effects of hormone replacement therapy. On July 26, 2006, defendants timely removed this lawsuit to federal court under the "mass action" provisions of the Class Action Fairness Act ("CAFA"), which require diversity between only one plaintiff and one defendant. See 28 U.S.C. § 1332(d)(11)(C)(i). When federal

jurisdiction is based on "mass action" diversity jurisdiction under CAFA, an action cannot be submitted to the Judicial Panel on Multidistrict Litigation ("JPMDL") for transfer to an MDL without consent by a majority of the plaintiffs.  See id.

On November 14, 2006, Judge Magnuson entered an order dismissing Ohio defendant Duramed Pharmaceuticals, Inc., which created complete diversity of citizenship among the parties under 28 U.S.C. § 1332(a).  Defendants then moved to amend their notice of removal to assert diversity jurisdiction as an additional basis for removal jurisdiction.  On February 26, 2007, Magistrate Judge Jeanne J. Graham denied defendants' motion to amend.  On March 16, 2007, defendants filed an objection to the magistrate judge's order and requested that Judge Magnuson defer ruling on defendants' objection pending a decision by the JPMDL whether the action should be transferred to MDL No. 1507.  Plaintiffs filed an opposition to defendants' objection only insofar as they challenged the timeliness of the objection.

The JPMDL conditionally transferred this action to MDL No. 1507 on April 11, 2007. However, on May 3, 2007, the JPMDL vacated its conditional transfer order because plaintiffs had filed an opposition.  In opposing transfer, plaintiffs argued to the JPMDL that the sole basis for removal was the "mass action" provision of CAFA and plaintiffs did not consent to transfer as required by 28 U.S.C. § 1332(d)(11)(C)(i).  In vacating its transfer order, the

JPMDL stated in a footnote that the issue of whether an amended notice of removal would render the action transferrable was not before the panel and that Magistrate Judge Graham had denied defendants' motion to amend the notice of removal.

On May 15, 2007, Judge Magnuson reversed the magistrate judge and determined that the magistrate judge's order was clearly erroneous based on the procedural development in the case — the JPMDL's order and acknowledgment that the court had denied defendants' motion to amend the notice of removal. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a). Judge Magnuson further noted that the only substantive ground upon which plaintiffs opposed defendants' objection was timeliness. On May 17, 2007, defendants filed an amended notice of removal.[1] On June 1, 2007, Judge Magnuson issued an order of recusal and directed the clerk of court to reassign this action. Plaintiffs now move the court to vacate Judge Magnuson's May 15, 2007, order under Federal Rule of Civil Procedure 60(b)(6).

### DISCUSSION

According to plaintiffs, the content of Judge Magnuson's order, the untimely nature of the objections granted and Judge Magnuson's subsequent recusal establish that Judge Magnuson was

---

[1] According to the parties, the issue of whether the action can be transferred to the MDL based on the amended notice of removal is currently before the JPMDL.

biased and prejudiced against plaintiffs and warrant vacating the May 15, 2007, order.  Plaintiffs further contend that Judge Magnuson improperly decided the issues and his ruling was clearly erroneous and an abuse of discretion.

Rule 60(b)(6) is a catch-all provision that authorizes the court to relieve a party from an order or judgment for "any" reason that justifies relief.  However, Rule 60(b)(6) is available "only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate [their] claim and have prevented the moving party from receiving adequate redress."  Harley v. Zoesch, 413 F.3d 866, 871 (8th Cir. 2005).  To determine whether relief is appropriate under Rule 60(b)(6) based on a violation of 28 U.S.C. § 455, the statute governing disqualification of judges based on impartiality, the court considers the risk of injustice to the parties, the risk that denial of relief will cause injustice in other cases and the risk of undermining public confidence in the judicial process.  See Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 (1988).  Upon a review of the record, the court concludes that plaintiffs have not established that exceptional circumstances exist to warrant relief from Judge Magnuson's order under Rule 60(b)(6). Plaintiffs identify nothing in the record to support their allegation that Judge Magnuson was

4

impartial other than the fact that Judge Magnuson did not rule in their favor. Therefore, the court will not vacate Judge Magnuson's order under Rule 60(b)(6).

Further, plaintiffs identify no argument to support a departure from the established law of this case to revisit the issues resolved by Judge Magnuson's order. The court will reconsider issues previously decided during the course of litigation only upon a showing that a prior decision is "clearly erroneous and works manifest injustice." Little Earth of the United Tribes, Inc. v. United States Dep't of Housing & Urban Dev., 807 F.2d 1433, 1440-41 (8th Cir. 1986) (law of the case doctrine prevents relitigation of settled issues, protects party expectations and promotes judicial efficiency). Plaintiff has made no such showing. Therefore, the court will not revisit the issues ruled upon by Judge Magnuson.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that plaintiffs' motion to vacate the memorandum and order of May 15, 2007, [Doc. No. 57] is denied.

Dated:  July 19, 2007

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court