# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Pamela Dawn Thorne, et al., | Civil No. 06-3123 (ADM/JJG) |
| Plaintiffs, | |
| v. | REPORT AND RECOMMENDATION |
| Wyeth d/b/a Wyeth, Inc., et al., | |
| Defendants. | |

---

JEANNE J. GRAHAM, United States Magistrate Judge

On November 15, 2013, this Court granted Plaintiff Shirley Runyon's counsel's motion to withdraw. (Order at 3, Nov. 15, 2013, ECF No. 793.) In moving to withdraw, Plaintiff's counsel represented that Plaintiff died in July 2010, and her family made no attempt to have a representative appointed or substituted as a party in her stead. Counsel's numerous attempts at communicating with Plaintiff went unanswered, and Plaintiff's husband, Charles E. Runyon, told her attorneys that in his view the case was done. Mr. Runyon even returned a signed Consent to Voluntary Dismissal of Lawsuit form to Plaintiff's counsel, but to counsel's knowledge, Mr. Runyon had not been appointed to represent Plaintiff's estate. Plaintiff's counsel then sent a Consent to Dismiss Without Prejudice form to Mr. Runyon, but received no response. Plaintiff's counsel subsequently moved to withdraw.

After Plaintiff's counsel filed the motion, this Court issued an order setting a telephonic hearing on the motion and inviting any party or family member of Plaintiff to participate in the hearing. (Order at 2, Oct. 30, 2013, ECF No. 789.) The Court informed Plaintiff's family that failure to participate in the hearing would result in an order granting the motion to withdraw. The Court further advised the family members that if they did not notify the Court of their intention

to proceed with this case by a certain date, the Court would recommend that Plaintiff's claims be dismissed. No family member or representative of Plaintiff participated in the hearing or otherwise communicated with the Court.

In the Court's November 15 Order, the Court directed Plaintiff's successor or representative to proceed in one of two ways:

> If Plaintiff's successor or representative wishes to proceed with this action, by November 27, 2013, that individual must either (1) obtain substitute counsel, who shall enter an appearance immediately, or (2) file a statement with the Court indicating his or her intent to proceed pro se; and file a motion for substitution of parties in accordance with Federal Rule of Civil Procedure 25(a). If Plaintiff's successor or representative does not wish to proceed with this action, he or she need not do anything, and the Court will recommend dismissal at no cost to Plaintiff.

(Order at 3, Nov. 15, 2013, ECF No. 793.) The Court required Plaintiff's counsel to mail a copy of the Order to Mr. Runyon and Plaintiff's daughter. As of today's date, there has been no appearance by substitute counsel or Plaintiff's successor or representative.

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action when a plaintiff fails to prosecute her case or comply with a court order. Fed. R. Civ. P. 41(b); *Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.") Both of these circumstances have occurred here. After Plaintiff's death, her successor or representative did not communicate with counsel or assist in prosecuting Plaintiff's claims, and Plaintiff's counsel was permitted to withdraw for these very reasons. After the Court's order granting Plaintiff's counsel motion to withdraw, Plaintiff's successor or representative took no action in prosecuting her claims, did not attempt to appear on her behalf, and did not retain substitute counsel. Consistent

2

with the language in the November 15 order, the Court construes this as an indication that Plaintiff's successor or representative does not wish to proceed with the case and wants the Court to recommend dismissal at no cost to Plaintiff. This construction is consistent with the Consent to Voluntary Dismissal of Lawsuit form signed by Mr. Runyon and his statement to Plaintiff's counsel that in his view the case was done. In light of these circumstances, the Court recommends that Plaintiff's claims be dismissed pursuant to Rule 41(b).

Nothing in the record indicates willful disobedience or intentional delay on the part of Plaintiff or her representative or successor. Dismissal with prejudice is appropriate only in cases of willful disobedience or intentional delay. *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1260 (8th Cir. 1997) (quotations omitted). In addition, the Consent to Dismiss Without Prejudice form that Plaintiff's counsel sent to Mr. Runyon was for dismissal *without* prejudice, and a recommendation for dismissal without prejudice is consistent with that communication. Therefore, the Court recommends that Plaintiff's claims be dismissed without prejudice.

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff Shirley Runyon's claims be **DISMISSED WITHOUT PREJUDICE** and **JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: December 4, 2013

  s/ *Jeanne J. Graham*
JEANNE J. GRAHAM
United States Magistrate Judge

### NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **December 19, 2013**.

A party may respond to the objections within fourteen days of the objections being filed. Any objections or responses filed under this rule shall not exceed 3,500 words. The district judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall forfeit review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the district judge is not required to review a transcript of the hearing in order to resolve the objections, the party making the objections shall timely order and cause to be filed within fourteen days a complete transcript of the hearing.